### KENTUCKY ICE SERVICE, Inc. v. HARDY.

Court of Appeals of Kentucky.

Feb. 13, 1953.

·Coleman, Harlin & Orendorf, Bowling Green, for appellant.

Milliken & Milliken, Bowling Green, for appellee.

COMBS, Justice.

This suit was filed by R. A. Hardy against the defendant, Kentucky Ice Service Company, to recover on a contract. The trial court directed a verdict for Hardy in the amount of $3,000 and the defendant appeals.

By the terms of the contract executed in June, 1951, Hardy agreed to acquire title within 30 days to the ice making machinery and equipment of the Bowling Green Ice Company, and to sell to defendant certain items of the equipment for the price of $3,000. Other pertinent provisions of the contract are:

> "The first party (Hardy) further covenants that all of the ice making equipment not specifically sold to the second party (Kentucky Ice Service, Inc.) and excepting such as he will retain on the premises for the operation of a packing plant and locker plant, will be removed from said premises and will be either junked or sold," (Parenthesis ours.)

and

> "The balance of the consideration herein mentioned from the second party to the first party shall be made in full when the articles mentioned above are delivered to the second party and when the remainder of the equipment herein mentioned has been salvaged and removed from the premises."

The last paragraph reads:

> "In the event the first party is unable to deliver the merchandise herein mentioned and salvage and remove the ice equipment on said premises within the time set out herein, this contract shall be void and held for naught."

It is admitted that Hardy obtained title to the property of the Bowling Green Ice Company and delivered to the defendant, within the 30-day period, the pieces of machinery he had agreed to sell to it. The defendant sought to avoid payment of the $3,000 on the ground Hardy had failed to perform other requirements of the contract within the 30-day time limit. The main contention, and the only one which merits discussion, is that Hardy failed to "junk" or sell within the 30-day period some cans used for the freezing of ice. Approximately 800 of these cans were among the assets acquired by Hardy. He testified, and his testimony is uncontradicted, that he sold the cans within the 30-day period to one Jenkins who was in the ice business in Tennessee. Jenkins hauled away about 125 of the cans, and Hardy removed the balance to other premises owned by him some one-half mile away. Jenkins failed to take the remainder of the cans and Hardy sold them to a scrap iron company some two or three weeks after the 30-day period had expired.

It is argued by the defendant that time was of the essence of the contract, and that it is relieved from payment of the $3,000 by reason of Hardy's failure to make final disposition of the ice cans within the 30-day time limit. We are unable to agree. Conceding, although not deciding, that time was of the essence, it seems to us that Hardy complied with the contract. He was required to sell or "junk" the cans and to "salvage and remove" them within 30 days. It is admitted the cans were removed within 30 days, and the uncontradicted testimony of Hardy that he sold them to Jenkins is bolstered to some extent by the fact Jenkins hauled away some of the cans. Jenkins' subsequent repudiation of his contract with Hardy cannot be given the retroactive effect of constituting a breach by Hardy of his contract with the defendant. Especially is this so since Hardy promptly sold the cans as junk after Jenkins defaulted on his contract.

The judgment is affirmed.